# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| LAUREN MARIE RUSSELL, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:24-cv-00806 |
| | ) JUDGE CAMPBELL |
| CHRISTINE HASLET, et al., | ) MAGISTRATE JUDGE NEWBERN |
| Defendants. | ) |

## ORDER

Plaintiff Lauren Marie Russell filed a pro se Complaint against Christine Haslet and six additional Defendants and submitted an in forma pauperis application. Because Russell sufficiently demonstrates that she cannot pay the full civil filing fee in advance without "undue hardship," *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001), the application (Doc. No. 2) is **GRANTED**. 28 U.S.C. § 1915(a). Plaintiff's Motion to Seal the in forma pauperis application (Doc. No. 6) is **DENIED**.

As a threshold matter, however, it is not clearly apparent that the Court has subject-matter jurisdiction to hear this case. *See Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). "Federal courts are courts of limited jurisdiction." *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). There are two basic types of federal subject-matter jurisdiction: federal-question jurisdiction and diversity-of-citizenship jurisdiction. 28 U.S.C. §§ 1331, 1332. The Court must dismiss this case without prejudice if Plaintiff fails to establish that federal jurisdiction exists. *Ernst v. Rising*, 427 F.3d 351, 366 (6th Cir. 2005); *see also Akno 1010 Mkt. St. St. Louis Missouri LLC v. Pourtaghi*, 43 F.4th 624, 627 (6th Cir. 2022) (directing courts to "assure themselves of

subject-matter jurisdiction at the earliest possible moment to avoid wasting judicial and party resources").

Here, Russell relies on federal-question jurisdiction by invoking 28 U.S.C. §§ 2261A; 875; and 1951. However, there is no private right of action under any of these federal criminal statutes. *See Hopson v. Commonwealth Attorney's Off.*, No. 3:12CV-744-M, 2013 WL 1411234 (W.D. Ky. Apr. 8, 2013) ("It is clear that § 2261A does not provide for a private cause of action or civil remedies.") (collecting cases); *DuBose v. Kasich*, No. 2:11-CV-00071, 2013 WL 1711610, at *1 (S.D. Ohio Apr. 19, 2013) (holding that § 875 does not authorize a private cause of action); *Command v. Bank of Am., N.A.*, No. 1:10-CV-1117, 2014 WL 4104719 (W.D. Mich. Aug. 19, 2014) ( "[F]ederal courts have consistently found that the Hobbs Act [§ 1951(a)] does not support a private cause of action.") (collecting cases and quoting *Campbell v. Austin Air Systems, Ltd.*, 423 F.Supp.2d 61, 72 (W.D.N.Y. 2005)); *see also Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004) ("[A]s a private citizen, [Plaintiff] has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts."). Thus, it does not appear that Russell's claims "arise under" the Constitution or laws of the United States.[1] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citation omitted).

Plaintiff is, therefore, **ORDERED TO SHOW CAUSE** why the Court has federal subject-matter jurisdiction over the Complaint. To do so, Plaintiff **MUST** submit an Amended Complaint that (1) sets forth her claims against Defendants and provides factual allegations sufficient to show that she is plausibly entitled to relief; and (2) either (a) states a federal basis for her claims or (b)

---

[1] Nor does the Complaint establish diversity-of-citizenship jurisdiction, which requires that a litigant present a claim between parties who are citizens of different states with a value that exceeds $75,000. 28 U.S.C. § 1332(a). Here, Plaintiff, a Tennessee resident, sues another Tennessee resident, thus failing to allege that "no plaintiff and no defendant are citizens of the same state." *Curry v. United States Bulk Transp., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006).

adequately alleges each party's diverse citizenship. The Court must receive the Amended Complaint within **30 DAYS** of the date this Order is entered on the docket. Failure to comply or request an extension of time by the deadline may result in dismissal for lack of subject-matter jurisdiction or want of prosecution. Fed. R. Civ. P. 41(b). Additional resources for pro se litigants, including forms, handbooks, and information sheets, are available on the Court's website.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE